**Komperda v. Mahn**

*Herman J. Bigi,* for plaintiffs.
*Charles C. Keller,* for defendant.

GLADDEN, *J.,* April 21, 1980—This case comes to us on defendant's motion for summary judgment. We have reviewed the pleadings, the interrogatories and answers to interrogatories, including documents attached thereto, and briefs and arguments of counsel. There have been no depositions or affidavits.

The question before us involves the application of the No-fault Insurance Act as a bar to plaintiffs' complaint in trespass. Plaintiffs assert that they qualify for the right to file in court for noneconomic damages by alleging medical expenses in excess of $750 exclusive of diagnostic x-ray and rehabilitation costs beyond $100. Further, they claim injury which is "permanent, irreparable and severe."

The issue before us arises out of a rear end collision which occurred on June 27, 1977. It is averred that while plaintiffs' vehicle was stopped in a line of traffic, defendant's vehicle, traveling in the same direction, collided with the rear of plaintiffs' car. Plaintiff husband claims personal injury as a result of this accident. He makes no claim for lost wages but does say that his earning capacity may be impaired.

The Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. § 1009.101, was enacted with the express intent to

abolish tort liability for injury arising out of the maintenance or use of motor vehicles. (Its passage was heralded by those who were of the belief, however mistaken, that automobile insurance premiums would be reduced.)

Section 301 of the act, 40 P.S. § 1009.301, provides certain exceptions to the abolition of tort liability and permits an injured party to sue in trespass for pain and suffering. Subparagraph (a)(5) of section 301 sets forth four instances where a person (defendant) remains liable in tort for damages for noneconomic detriment if the accident results in: (A) death or serious and permanent injury; (B) value of necessary medical expenses, exclusive of diagnostic x-ray costs and rehabilitation costs in excess of $100, in excess of $750; (C) medically determinable physical or mental impairment which prevents victim from performing all or substantially all of his daily activities for 60 consecutive days; (D) cosmetic disfigurement which is permanent, irreparable and severe.

We are not concerned in this case with (C) and (D) as outlined above. Plaintiffs' answers to interrogatories specifically reject these exceptions as reasons for getting over the no-fault hurdle.

There is, however, a necessity for us to consider both (A) and (B). These exceptions have been advanced by plaintiffs as reasons to permit recovery in tort. Defendant has challenged plaintiffs' right to do so by filing a motion for summary judgment.

We recognize that summary judgment will not be granted if there remains for resolution a genuine issue of material fact. We believe that no such issue of fact exists here and that this matter may be decided on defendant's motion. Further, we recognize that summary judgment may be granted in part and rejected in part.

Initially this matter was briefed on the exception set forth in section 301(a)(5)(A) concerning severe and permanent injury. In paragraph 8 of the complaint, plaintiff introduced his litany of specific injuries with the bald assertion that he "sustained the following severe and serious injuries, some or all of which may be permanent." The act, section 301(a)(5)(A), requires "death or serious *and* permanent injury." (Emphasis supplied.) Other than his averment in paragraph 8 of the complaint, the only other reference we find to this condition is in plaintiffs' response to Interrogatory #4, wherein plaintiff husband cites and attaches the medical report of C. Mahalingappa, M.D., in which plaintiff husband's problem is diagnosed as: cervical whiplash injury with severe paraspinal muscle spasms. Following a detailed report of office visits and treatment, the doctor concludes by saying, "However, I feel with this type of persistent problem, even if he undergoes all the above tests, the prognosis is poor, and these problems will be persistent and permanent." The persistent problems referred to are pain and a numbness in his fingers.

In addition to plaintiff's statement and that of his doctor, we are obliged to consider plaintiff's answer to Interrogatory #6 in which plaintiff husband says he has *no* claim for lost earnings and that he has missed *no* work on account of his injuries. Plaintiff's answers further record that he was *never hospitalized* as a result of these injuries. (Emphasis supplied.)

When considering this exception we are faced with a dual test: Was the injury severe, *and* was the injury permanent? Plaintiff and his doctor in essence say that the injury is permanent, because the

pain will be permanent. Defendant has offered no evidence by way of her own medical examiner's report to refute plaintiff husband's claim that pain and numbness may persist and be permanent. Defendant, however, argues that these injuries were not the "severe" injuries contemplated in the act. She cites as evidence the admitted facts herein: Plaintiff husband suffered a whiplash type injury with muscle spasm; he has experienced pain and discomfort which may be a permanent condition; he missed no work, he lost no wages on account of his injuries, and he was not hospitalized by his attending physician.

We agree that these injuries are not "severe" and hold that in the context of this act, the word "severe" contemplates intensive medical treatment, which most probably would include hospitalization and at least some loss of work or demonstrable inability to perform one's daily activities for a time, however long. In the spirit of the act, we interpret this section to be directed toward those injuries of a more than ordinary nature. Allowance must be made for a distinction between injuries that are not severe but permanent and those which are both severe and permanent. For example, chronic and permanent pain that flows from an aggravation of a pre-existing arthritis may not be severe as is contemplated by the act. On the other hand, pain which leads its victim to specialized treatment in a trauma unit would be unquestionably severe, although not necessarily permanent. The distinction must be made and honored if we are to give meaning to the purpose of the act, i.e., to abolish tort liability except in limited cases.

There is nothing here to permit us to find that

plaintiff has sufficient evidence to prove that he has suffered a severe *and* permanent injury. Exception 301(a)(5)(A) does not extend to plaintiff.

We are faced with a more difficult decision when we consider the application of section 301(a)(5)(B).

At the time defendant filed her motion, there existed one medical bill for plaintiff husband. This was a bill of Dr. Mahalingappa which totaled $387. Included in this itemized bill is a statement for diagnostic x-rays in the amount of $171. This section of the act permits us to count no more than $100 of these charges in arriving at the threshold. Accordingly, there is an uncontested medical bill of $216 plus a $100 bill for diagnostic x-ray, or a total bill of $316. This falls short of the $750 threshold provided for in section 301(a)(5)(B). Since defendant filed her motion for summary judgment, plaintiff has offered a bill from Monongahela Valley Hospital, Inc., for 25 physical therapy treatments at $20.50 each, totaling $512.50. If this bill qualifies as a bill for medical care, then it, coupled with the doctor's bill, carries plaintiff over the threshold and into the courtroom.

The issue before us, then, is this: Is the cost of physical therapy medical care includable in computing the $750, or is it excludable as a rehabilitative cost, along with diagnostic x-rays, in any amount over $100?

Our research leads us to no appellate decision in Pennsylvania on this issue. There is reported in Pennsylvania No-fault Motor Vehicle Insurance Act, a text edited by David S. Shrager, a lower court case out of Philadelphia. This case is captioned Magaziner v. Levy, No. 5012, May Term, 1976, at p. 218. The court, by order and without opinion, de-

nied defendant's motion for summary judgment. A reading of the motion makes it appear that in Magaziner, plaintiffs were allowed to include physical therapy treatments within the $750 threshold amount, but outside the $100 sub-limit.

We cannot cite Magaziner as definitively standing for the legal proposition which we have inferred from our reading. But such inference is not unreasonable. Physical therapy is a form of rehabilitation. For that matter, so is medication or anything taken or done to make the injured well. Yet it is just as reasonable to categorize physical therapy as a medical expense, particularly when it is prescribed by a medical doctor, and performed in a hospital by a licensed physical therapist.

In this case, plaintiff husband's attending physician "prescribed therapy at the hospital." The statement for these services bears the caption "Monongahela Hospital, Inc." and accounts for 25 treatments between February 8 and May 5, 1978. The treatments were performed by the hospital's licensed physical therapist. These sessions with the therapist were an attempt to restore normal functioning to an injured patient. This is clearly contemplated in the definition of medical services in section 103 of the act.

We conclude that physical therapy which is prescribed by the attending medical doctor, performed in a hospital or medical office under the direction of a medical doctor or licensed physical therapist, and which is designed to restore the normal recovery of the injured party, is a medical expense and may be used to reach and surpass the $750 threshold established in the act.

We conclude that plaintiff husband has met the

criteria and that his "medical expenses" now surpass the threshold entitling him to maintain his tort action outside the bar of No-fault.

Accordingly, we enter the following

## ORDER

And now, April 21, 1980, defendant's motion for summary judgment is granted as to that portion of the complaint which claims an exception from the application of the No-fault act for severe and permanent injury.

Defendant's motion for summary judgment is denied as to that portion of the complaint which establishes an exception from the application of the No-fault act for medical expenses in excess of $750.

## SUPPLEMENTAL ORDER

And now, October 14, 1980, a court en banc having considered exceptions to the order and opinion of Gladden, J., dated April 21, 1980, and having decided those exceptions on the merits and having dismissed them by order dated July 15, 1980, the said court has further considered the advisability of making its interim order immediately appealable under the provisions of the Judicial Code, 42 Pa.C.S.A. §702, and it is the opinion of the said court that the issue involved, to wit, an interpretation of the $750 No-fault threshold provision (Act of July 19, 1974, P.L. 489, Art. III, sec. 301, 40 P.S. §1009.301(a)(5)(B)), is a controlling question of law to which there is substantial ground for difference of opinion, and that immediate appeal from that order may materially advance the ultimate termination of the matter.